UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| MICHAEL R. SMITH, | ) |
|---|---|
| Plaintiff, | ) |
| | ) No.: 3:23-CV-161-KAC-DCP |
| v. | ) |
| JON BREWSTER, *et al.*, | ) |
| Defendants. | ) |

## ORDER AND REPORT AND RECOMMENDATION

The Court is in receipt of a pro se prisoner's complaint for violation of 42 U.S.C. § 1983 [Doc. 1] and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") [Doc. 4].[1]

It appears from the Application [*id.*] that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, the Court **GRANTS** Plaintiff's Application [**Doc. 4**] and permits Plaintiff to file his Complaint without the prepayment of costs. Further, the Court **RECOMMENDS** that the District Judge **DISMISS** the claim against the Sweetwater Police Department and **DISMISS** Plaintiff's excessive force claim but allow Plaintiff's other claim against the individual officers to proceed beyond the screening phase for further development.

## I. FILING FEE DETERMINATION

Plaintiff has filed an Application with the required detailing of his financial condition, including his Prisoner Account Statement Certificate ("Certificate") as required by the Prison

---

[1] Plaintiff filed his Complaint [Doc. 1] on April 11, 2023, but he did not include payment of the required filing fee or submit an application to proceed in forma pauperis [*See* Doc. 2]. Plaintiff has now filed the correct paperwork [Doc. 4].

Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)(2) [Doc. 4]. The Application demonstrates that Plaintiff is unable to prepay such fees. Accordingly, the Court **GRANTS** Plaintiff's Application [**Doc. 4**].

Because Plaintiff is an inmate in the Knox County Jail, however, he is **ASSESSED** the civil filing fee of $350.00. *See* 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."). The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) & (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Court **DIRECTS** the Clerk to send a copy of this order to the custodian of inmate accounts at the institution where Plaintiff is now confined to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA relating to payment of the filing fee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Court **DIRECTS** the Clerk to file the Complaint in this case without the prepayment of costs and fees. The Clerk **SHALL NOT**, however, issue process at this time.

## II. RECOMMENDATION AFTER SCREENING OF THE COMPLAINT

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, sua sponte dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). In order to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Pro se pleadings filed in civil rights cases are held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A. Summary of the Complaint

Plaintiff utilized the form complaint for civil rights violations pursuant to 42 U.S.C. § 1983, naming as defendants the Sweetwater Police Department, Officer Jerren Turpeinen ("Officer Turpeinen"), and Sergeant Jon Brewster ("Sgt. Brewster") [Doc. 1 p. 3]. In his statement of claim, Plaintiff alleges that on February 18, 2022, while driving his mother's vehicle, he was pulled over by Officer Turpeinen for an expired plate [*Id*. at 3–4]. As a communication between Plaintiff and Officer Turpeinen took place regarding whether there was insurance on the vehicle, Sgt. Brewster

arrived on the scene [*Id*. at 4]. Plaintiff states that he has a conflict with Sgt. Brewster and previously took out an order of protection against him in Knox County [*Id*.].[2]

Plaintiff details that Officer Turpeinen then asked him to confirm that he was on probation, and he told Plaintiff that he was going to call Plaintiff's probation officer [*Id*.]. Officer Turpeinen also asked Plaintiff for permission to search the car, and when Plaintiff refused, Officer Turpeinen grabbed Plaintiff's arm, stating "I have a warrant[] out of [L]oudon [C]ounty" [*Id*. at 4–5]. Plaintiff relates that when he asked what the warrant was for, Officer Turpeinen did not tell him, but rather, kept saying, "Put your hands behind your back" [*Id*. at 5]. He further relates that, at some point, Sgt. Brewster "comes to grab me and I tell him to stay away you know we have a conflict" [*Id*.]. When he tried to jerk his arm from Officer Turpeinen, Plaintiff alleges he was slammed to the ground by both officers, who told Plaintiff to put his hands behind his back [*Id*.]. Plaintiff states he told the officers, "I can't breath[e] you[']re on my back[,]" and Officer Turpeinen began to tase him several times, causing him to urinate on himself [*Id*.]. When other officers arrived on scene, Plaintiff was taken into custody and transported to jail [*Id*.]. He was held without bond until February 21, 2022 [*Id*.]. Plaintiff was charged with resisting arrest, Tenn. Code Ann. § 39-16-602, which was dismissed on July 26, 2022 [*Id*.]. He was not charged based on any warrant from Loudon County [*Id*.].

Plaintiff alleges violations of the Fourth and Fourteenth Amendments to the Constitution because the arrest was unlawful, unreasonable, and excessive [*Id*.]. For relief, Plaintiff seeks $500,000 for damages, injuries, lost time and wages, and he requests a refund of the bond money [*Id*. at 6].

---

[2] While not entirely clear, Plaintiff appears to state that Sgt. Brewster is the father of his ex-wife [*See* Doc. 1 at 4].

### B. Screening of the Complaint

Pursuant to 42 U.S.C. § 1983, a person has a cause of action if he was deprived of "any rights, privileges, or immunities secured by the Constitution and laws" and when the deprivation takes place "under color" of state law. "Section 1983 provides the exclusive remedy for constitutional violations." *Roath v. Lee*, No. 3:17-CV-00995, 2019 WL 3066533, at *7 (M.D. Tenn. July 12, 2019).

Here, Plaintiff alleges that Defendants used excessive force. An excessive force claim may arise under the Fourth or Fourteenth Amendment depending on the status of a plaintiff. Plaintiff alleges that he was on probation at the time of the incident. *See Graham v. Connor*, 490 U.S. 386, 388 (1989) (explaining that use of excessive force claims against free citizens is properly analyzed under the Fourth Amendment); *Hopper v. Phil Plummer*, 887 F.3d 744, 751 (6th Cir. 2018) (explaining that when an individual is neither a free citizen or a convicted person, "the Fourteenth Amendment's Due Process Clause prohibits a governmental official's excessive use of force"). Regardless of which amendment applies, however, Plaintiff's excessive force claim is barred as a matter of law.

According to Plaintiff's allegations, the incident occurred on February 18, 2022, but he filed his Complaint on April 11, 2023 [Doc. 1]. In Tennessee, violations of § 1983 have a one-year statute of limitations. *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000) (explaining that the applicable statute of limitations period under Tennessee law is one year). Plaintiff's excessive force claim is therefore barred by the statute of limitations. *See Fox v. DeSoto,* 489 F.3d 227, 233 (6th Cir 2007) (excessive use of force during arrest accrues at time of arrest); *Brazelton v. McGee*, No. 3:20-CV-32-TAV-HBG, 2020 WL 980142, at *3 (E.D. Tenn. Feb. 28, 2020) ("[T]he statute of limitations for Plaintiff's claims based on defendants' alleged acts or

excessive force and/or deliberate indifference began to run on the date on which those acts occurred."). Based on the above, the Court recommends that Plaintiff's claim for excessive force be dismissed. *See Alston v. Tenn. Dep't of Corrs.*, No. 01-5818, 2002 WL 123688, at *1 (6th Cir. Jan. 28, 2002) ("Because the statute of limitations was obvious from the face of the complaint, *sua sponte* dismissal of the complaint was appropriate.").

The Fourth Amendment to the United States Constitution requires an officer to have probable cause before an arrest or seizure. U.S. Const. amend. IV. Here, Plaintiff alleges that Sgt. Brewster told him that there were warrants for his arrest from Loudon County, but he was never charged with those warrants. In addition, he alleges that Sgt. Brewster and Officer Turpeinen unlawfully arrested him. He states that he was held without bond until February 21, 2022, and his charges were dismissed on July 26, 2022. In light of these allegations, the Court recommends this claim resulting from the alleged unlawful arrest against Sgt. Brewster and Officer Turpeinen proceed beyond the initial screening phase.[3]

Finally, in his Complaint, Plaintiff also names the Sweetwater Police Department as a defendant. It is well established that police departments are not suable entities pursuant to § 1983. *Starnes v. Bedford Cnty./Jail/Sheriff Dep't*, No. 4:16-CV-22-CLC-CHS, 2016 WL 1239262, at *2 (E.D. Tenn. Mar. 29, 2016) ("Indeed, the Sixth Circuit and courts in this district have previously held that a county sheriff's department is not an entity subject to suit under § 1983." (collecting

---

3  As noted above, the statute of limitations for § 1983 claims in Tennessee is one year. *Hughes*, 215 F.3d at 547 (explaining that the applicable statute of limitations period under Tennessee law is one year). But federal law governs the accrual date. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *see also Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021) (explaining that false arrest and false imprisonment claims accrue when plaintiff is released or when legal process begins). Here, while Plaintiff's claim may be time barred, it is not so obvious from the Complaint when Plaintiff's claim accrued. *See Alston*, 2002 WL 123688, at *1.

cases)). Therefore, the Court recommends that the District Judge dismiss the Sweetwater Police Department from this action.[4]

### C. Amendment

The Court has considered whether Plaintiff should be allowed to amend his Complaint. But an amendment would not cure the defects described above because the claims that do not survive screening do not survive because they are barred as a matter of law.

## III. CONCLUSION

For the reasons more fully stated above, the Court **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees of Costs [**Doc. 4**], but because Plaintiff is a prisoner, he is **ASSESSED** the civil filing fee of $350.00 as more fully explained above. However, no process shall issue until the District Judge has ruled upon this Report and Recommendation[5]

---

[4] In light of Plaintiff's pro se status, the Court has also construed Plaintiff's allegations against the city. But his allegations are not sufficient to make a claim against the city. *Lipman v. Budish*, 974 F.3d 726, 747 (6th Cir. 2020) ("Rather, a local government can be sued under § 1983 only when a policy or custom of that government caused the injury in question." (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); *see also Starnes v. Bedford Cty./Jail/Sheriff Dep't,* No. 4:16-CV-22-CLC-CHS, 2016 WL 1239262, at *3 (E.D. Tenn. Mar. 29, 2016) ("[T]he County is not liable for an injury inflicted solely by an employee or agent on a theory of respondeat superior." (citation omitted)).

[5] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

because the undersigned **RECOMMENDS** that Plaintiff's excessive force claim be **DISMISSED** and that the Sweetwater Police Department be **DISMISSED** from this case.[6]

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

[6] Should the District Judge agree with this recommendation and allow the claims to proceed against the individual Defendants, this "does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12." *Bawcom v. Roades*, No. 3:22-CV-00923, 2023 WL 425376, at *4 (M.D. Tenn. Jan. 26, 2023).