UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICHAEL R. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.: 3:23-CV-161-KAC-DCP |
| v. | ) |
| | ) |
| JON BREWSTER, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER ADOPTING REPORT & RECOMMENDATION

Before the Court is United States Magistrate Judge Debra C. Poplin's "Order and Report and Recommendation" ("Report") entered on August 21, 2023 [Doc. 5]. On April 11, 2023, Plaintiff filed a Complaint [Doc. 1]. And on May 8, 2023, Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis ("IFP") [Doc. 4]. In her Report, Judge Poplin granted Plaintiff's IFP Motion [Doc. 5 at 1-2]. Judge Poplin also recommends that the Court dismiss Plaintiff's excessive force claim because it is time barred by the statute of limitations [*Id.* at 5-6]. Judge Poplin further recommends that the Court permit Plaintiff's unlawful arrest claim to "proceed beyond the initial screening phase" [*Id.* at 6]. Finally, Judge Poplin recommends that the Court dismiss Defendant Sweetwater Police Department from this action because "police departments are not suable entities under § 1983" [*Id.* at 6-7]. No Party objected to the Report, and the time to do so has passed.

After reviewing the record, the Court **ACCEPTS** and **ADOPTS** the Report [Doc. 5] under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The Court:

(1) **DISMISSES** Plaintiff's excessive force claim; and

(2) **DISMISSES** Defendant Sweetwater Police Department.

(3) The Court **DIRECTS** the Clerk to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Brewster and Turpeinen. Plaintiff **SHALL** complete the service packets and return them to the Clerk's Office within twenty (20) days of receipt of this Order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. If Plaintiff fails to timely return the completed service packets, the Court will dismiss this action. Defendants **SHALL** answer or otherwise respond to the Complaint within twenty-one (21) days from the date of service.

(4) Finally, the Court **ORDERS** Plaintiff to immediately inform the Court and the remaining Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address will result in the dismissal of this action. Further, failure to prosecute the action diligently will result in the dismissal of this action.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge